**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Matt FROST, Defendant–Appellant.**

**No. 08–30150.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 21, 2009.

Tara Elliott, USMI–Office of the U.S. Attorney, Missoula, MT, Marcia Kay

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Hurd, Esquire, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Matt Frost appeals from the 120–month sentence imposed following his guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and remand for clarification a condition of supervised release.

Frost contends that his 120–month sentence is unreasonable because the district court failed to adequately consider his social background, lack of criminal history, and motivation for treatment. The district court did not procedurally err and the sentence is not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Carty,* 520 F.3d 984, 990–93 (9th Cir.2008) (en banc).

Frost also contends that his lifetime term of supervised release is unreasonable in light of his age, background, and lack of criminal history. We disagree. *See United States v. Daniels,* 541 F.3d 915, 922–24 (9th Cir.2008).

R.App. P. 34(a)(2).

Finally, Frost contends that Special Condition No. 26 of his supervised release (which prohibits him from "possess[ing] or us[ing] any computer or other electronic device, which can provide access to the Internet"), is more restrictive than necessary to achieve the goals of supervised release. We note that this condition conflicts with Special Condition No. 25 (which prohibits Frost from "possess[ing] or us[ing] any computer or other device with access to any on-line computer service without the prior approval of the probation officer"), and remand to the district court to clarify the extent of the restriction on Frost's Internet use. *See United States v. Stoterau,* 524 F.3d 988, 1003 (9th Cir.2008). We express no opinion regarding the merits of Frost's contention that Special Condition No. 26 is more restrictive than necessary to achieve the goals of supervised release.

**AFFIRMED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.